## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Avenue
Tucson, AZ 85701,

        Plaintiff,

    v.

U.S. DEPARTMENT OF THE INTERIOR,
1849 C. Street, NW
Washington, D.C. 20240,

        Defendant.

Case No.:  1:17-cv-01595

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

### INTRODUCTION

1.      In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats—challenges the failure of the U.S. Department of the Interior ( "Interior Department") to provide the communications and schedules of Secretary of the Interior Ryan Zinke, records that reference national monuments designated since 1996, and records that discuss the Interior Department's review of national monuments, all in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.      On April 26, 2017, President Trump signed Executive Order Number 13792, Review of Designations under the Antiquities Act, 82 Fed. Reg. 20,429 (Apr. 26, 2017) ("Exec. Order 13792").  Exec. Order 13792 directs the Interior Department to review every national monument designated since 1996 that is larger than 100,000 acres, along with any other

monument that Secretary Zinke deems should be reviewed.  Under the terms of Exec. Order 13792, the Interior Department is currently reviewing and potentially reducing the size of 27 national monuments, including Bears Ears National Monument in Utah, which has been singled out for expedited review.

3.      Exec. Order 13792 is widely expected to trigger dramatic changes in monument protections or boundaries to accommodate extractive interests like coal, oil and gas, livestock grazing, and logging.  Secretary Zinke will make his final recommendations to President Trump on August 24, 2017.

4.      The Center submitted two FOIA requests to the Interior Department on April 6, 2017: one seeking the communication records of Secretary Zinke ("Zinke Communications FOIA Request"), and the other seeking Secretary Zinke's schedules ("Zinke Schedules FOIA Request").  As of the date of this filing, the Interior Department still has not provided any determination or records responsive to the Center's FOIA requests, which the Interior Department received submitted 86 workdays ago.

5.      On May 5, 2017, the Interior Department started a public-comment process on the 27 national monuments that are currently under review pursuant to Exec. Order 13792.

6.      On May 8, 2017, the Center submitted a FOIA request to the Interior Department seeking—from January 20, 2017, to the date of the agency's search—records that mention national monuments designated since 1996 and records that reference Exec. Order 13792 ("National Monuments FOIA Request").  The Center still has not received any determination or records responsive to this FOIA request, which the Interior Department received 64 workdays ago.

2

7.      The Interior Department's refusal to release the communication records and schedules of its secretary, and its failure to provide Interior Department records generated in connection with its review of national monument designations, undermines FOIA's policy of government transparency.

8.      The Interior Department is unlawfully withholding public records, which the Center requested pursuant to FOIA, by failing to conduct an adequate search for responsive records and by failing to provide the Center with responsive records, for which there are no applicable FOIA exemptions.  Prompt access to these records is necessary to effectuate FOIA's purpose, thus the Center seeks declaratory relief establishing that the Interior Department violated FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing the Interior Department to conduct a search for responsive records and provide the Center with all responsive records without any further delay.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

10.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because a portion of the responsive records may be found in this district.

11.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

12.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 58,000 members.  The Center and its members are harmed by the Interior Department's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, priorities, and communications of the Interior Secretary and the Interior Department's review of national monument designations.

14.     Defendant U.S. DEPARTMENT OF THE INTERIOR is a cabinet-level agency within the executive branch of the U.S. government.  The Interior Department is responsible for protecting and managing much of the nation's wildlife, natural resources, public lands, and cultural heritage.  The Interior Department is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  The Interior Department is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

15.     FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

16.     FOIA imposes strict deadlines on federal agencies.  Within 20 working days of receiving a FOIA request, an agency must determine whether to disclose responsive records and notify the requester of its determination, and it must then make records "promptly" available unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6).  Also within 20

working days, the agency must inform the requester that it has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i).

17.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

18.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

19.     First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

20.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days only by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension, and also providing the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).  In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

21.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

22.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

23.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions.  *Id.* § 552(b).  These exemptions, however, must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

24.     U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

25.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### Zinke Communications FOIA Request

26.     On April 6, 2017, the Center submitted a FOIA request via electronic mail to the Interior Department.  In its FOIA request, the Center sought all of Secretary Zinke's communication records, "including but not limited to, all letters, emails, text messages, instant messages, voicemails, and phone logs for any phones utilized by . . . Secretary of the Interior Ryan Zinke . . . from any and all agency and [Interior Department] servers, cloud portals, secure

websites, computers, tablets, smart phones, etc., sent to and/or from Mr. Zinke, with the exception of any records that are or will be publicly available (e.g., through regulations.gov)." The Center made it clear that it is "not requesting the actual email addresses utilized by Mr. Zinke in the course of his official duties, but only the correspondence sent to and from his email addresses."

27.     The Interior Department acknowledged the request the same day it was sent and assigned it tracking number OS-2017-00413 ("Zinke Communications FOIA Request").  The Interior Department said that it needed to "search for and collect requested records from field facilities or other establishments that are separate from the office processing the request" and took a 10-workday extension, citing the Interior Department's regulations at 43 C.F.R. § 2.19.  It also assigned the request to the "complex" processing track pursuant to 43 C.F.R. § 2.15.

28.     After receiving no further communication regarding the Zinke Communications FOIA Request, on July 17, 2017, the Center sent a letter notifying the Interior Department that it had violated FOIA's mandatory determination deadline and requesting an estimated date of completion for a determination on this FOIA request.  The Center also offered to assist the Interior Department in processing the Center's request and stressed that it sought a "cooperative approach" with the agency.  As of the filing of this complaint, the Interior Department has not acknowledged receipt of this letter.

29.     As of the filing of this complaint, the Center has received no determination, records, or any further communications from the Interior Department.  The Interior Department has not (1) requested additional information from the Center, (2) notified the Center of any "unusual circumstances" that actually prevent it from complying with FOIA's deadline for a

determination, or (3) provided a date by which it will make a determination on the Center's FOIA request.  *Id.* § 552(a)(6)(A)-(B).

30.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's FOIA Requests.  5 U.S.C.  § 552(b).

31.     Upon information and belief, the Interior Department has failed to conduct a search for responsive records.

32.     The Interior Department failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions that may be lawfully withheld from disclosure under any FOIA exemption(s).  *Id.*

33.     The Center has been required to expend resources to prosecute this action.

### Zinke Schedules FOIA Request

34.     On April 6, 2017, the Center sent a FOIA request to the Interior Department seeking "all schedules, including but not limited to travel and/or meeting schedules" of Secretary Zinke.  The Interior Department acknowledged the request the same day it was sent and assigned it tracking number OS-2017-00414 ("Zinke Schedules FOIA Request").  The Interior Department said it needed to "search for and collect requested records from field facilities or other establishments that are separate from the office processing the request" and took a ten-workday extension, citing the Interior Department's regulations at 43 C.F.R. § 2.19.  It also assigned the request to the "complex" processing track pursuant to 43 C.F.R. § 2.15.

35.     After receiving no further communication from the Interior Department regarding the Zinke Schedules FOIA Request, on July 17, 2017, the Center sent a letter notifying the Interior Department that it had violated FOIA's mandatory determination deadline and requesting an estimated date of completion for a determination on the FOIA request.  The Center

also offered to assist the Interior Department in processing the Center's request and stressed that it sought a "cooperative approach" with the agency.  As of the filing of this lawsuit, the Interior Department has not acknowledged its receipt of this letter.

36.     As of the filing of this complaint, the Center has received no determination, records, or any further communications from the Interior Department.  The Interior Department has not (1) requested additional information from the Center, (2) notified the Center of any "unusual circumstances" that actually prevent it from complying with FOIA's deadline for a determination, or (3) provided a date by which it expects to make a determination on the Center's FOIA request.  *Id.* § 552(a)(6)(A)-(B).

37.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's FOIA Request.  *Id.* § 552(b).

38.     Upon information and belief, the Interior Department has failed to conduct a search for responsive records.

39.     The Interior Department failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s).  *Id.*

40.     The Center has been required to expend resources to prosecute this action.

### National Monuments FOIA Request

41.     On May 8, 2017, the Center sent a request for records to the Interior Department, also pursuant to FOIA, seeking "[a]ll records . . . that mention, include, or reference national monument designations made by any President of the United States since January 1, 1996," and "[a]ll records mentioning, including, or referencing [Exec. Order 13792]" from January 20, 2017 to the date of the search for responsive records.

42.     The Interior Department acknowledged the request on May 9, 2017, and assigned it tracking number OS-2017-00540 ("National Monuments FOIA Request").  The Interior Department said it needed to "search for and collect requested records from field facilities or other establishments that are separate from the office processing the request" and took a ten-workday extension, citing the Interior Department's regulations at 43 C.F.R. § 2.19.  It also assigned the request to the "complex" processing track pursuant to 43 C.F.R. § 2.15.

43.     After receiving no further communication from the Interior Department regarding the National Monuments FOIA Request, on July 17, 2017, the Center sent a letter notifying the Interior Department that it had violated FOIA's mandatory determination deadline and requesting an estimated date of completion for a determination on the FOIA request.  The Center also offered to assist the Interior Department in processing the Center's request and stressed that it sought a "cooperative approach" with the agency.  As of the filing of this lawsuit, the Interior Department has not acknowledged its receipt of this letter.

44.     As of the filing of this complaint, the Center has received no determination, records, or any further communications from the Interior Department.  The Interior Department has not (1) requested additional information from the Center, (2) notified the Center of any "unusual circumstances" that actually prevent it from complying with FOIA's deadline for a determination, or (3) provided a date by which it expects to make a determination on the Center's FOIA request.  *Id.* § 552(a)(6)(A)-(B).

45.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's FOIA Requests.  *Id.* § 552(b).

46.     Upon information and belief, the Interior Department has failed to conduct a search for responsive records.

47.     The Interior Department failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s).  *Id.*

48.     The Center has been required to expend resources to prosecute this action.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

The Interior Department Missed FOIA's Mandatory Determination Deadline for
the Center's FOIA Requests

49.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50.     The Center has a statutory right to a lawful final determination from the Interior Department, within the statutory deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

51.     The Interior Department has violated the Center's rights in this regard by failing to provide a lawful determination on all of the following FOIA requests:

      a.  Zinke Communications FOIA Request, number OS-2017-00413;

      b.  Zinke Schedules FOIA Request, number OS-2017-00414; and

      c.  National Monuments FOIA Request, number OS-2017-00540.

52.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

53.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's mandatory determination deadline and disclosure provisions as it has in this case.

54.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

The Interior Department Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Requests

55.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

56.     The Center has a statutory right to have the Interior Department process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Interior Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the following FOIA requests:

    a.   Zinke Communications FOIA Request, number OS-2017-00413;

    b.   Zinke Schedules FOIA Request, number OS-2017-00414; and

    c.   National Monuments FOIA Request, number OS-2017-00540.

57.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

58.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

59.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

The Interior Department Failed to Promptly Disclose Records Responsive to
the Center's FOIA Requests

60.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

61.     The Center has a statutory right to the Interior Department's prompt disclosure of records following a determination on its FOIA requests. 5 U.S.C. § 552(a)(4)(B); 43 C.F.R. § 2.12.

62.     The Interior Department violated FOIA and the Interior Department's own FOIA Regulations by failing to promptly disclose records that are responsive to the following FOIA Requests:

      a.   Zinke Communications FOIA Request, number OS-2017-00413;

      b.   Zinke Schedules FOIA Request, number OS-2017-00414; and

      c.   National Monuments FOIA Request, number OS-2017-00540.

63.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

64.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's disclosure provisions as it has in this case.

65.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

The Interior Department Failed to Provide Reasonably Segregable Portions of
Any Lawfully Exempt Records

66.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

67.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

68.     The Interior Department violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the following FOIA requests:

   a.   Zinke Communications FOIA Request, number OS-2017-00413;

   b.   Zinke Schedules FOIA Request, number OS-2017-00414; and

   c.   National Monuments FOIA Request, number OS-2017-00540.

69.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

70.     The Center's organizational activities will be adversely affected if the Interior Department is allowed to continue violating FOIA's disclosure provisions as it has in this case.

71.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

The Interior Department Unlawfully Withheld or Unreasonably Delayed Actions
That FOIA Requires

72.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

73.     The Interior Department unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests; (2) conduct an adequate search for records that are responsive to the Center's FOIA requests; (3) promptly disclose records that are responsive to the Center's FOIA requests; and (4) provide the Center with reasonably segregable portions of responsive records to the Center FOIA requests in the event that records may be subject to an exemption.  The Interior Department's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

74.     Alternatively, the Interior Department unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests; (2) conduct an adequate search for records that are responsive to the Center's FOIA requests; (3) promptly disclose records that are responsive to the Center's FOIA requests; and (4) provide the Center with reasonably segregable portions of responsive records to the Center FOIA requests in the event that records may be

subject to an exemption.  The Interior Department's failures constitute agency action

unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

75.    As alleged above, the Interior Department's failure to comply with the mandates

of FOIA has injured the Center's interests in public oversight of governmental operations and is

in violation of its statutory duties under the APA.

76.    The Center has suffered a legal wrong as a result of the Interior Department's

failure to comply with the mandates of FOIA.  As alleged above, the Interior Department

violated its statutory duties under the APA and injured the Center's interests in public oversight

of governmental operations.

77.    The Center has no other adequate remedy at law to redress the violations noted

above.

78.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fifth Claims)

The Interior Department's Violations of FOIA's Requirements Are Arbitrary, Capricious,
an Abuse of Discretion, or Otherwise Not in Accordance with Law

79.    Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

80.    The Interior Department violated FOIA's statutory mandates due to its failure and

refusal because it failed to: (1) provide a timely determination on the Center's FOIA requests; (2)

conduct an adequate search for records that are responsive to the Center's FOIA requests; (3)

promptly disclose records that are responsive to the Center's FOIA requests; and (4) provide the

Center with reasonably segregable portions of responsive records to the Center FOIA requests in

the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory

mandates, the Interior Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

81.     As alleged above, the Interior Department's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

82.     The Center has suffered a legal wrong as a result of the Interior Department's failure to comply with the mandates of FOIA.  As alleged above, the Interior Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

83.     The Center has no other adequate remedy at law to redress the violations noted above.

84.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Order Defendant to provide a determination on Plaintiff's FOIA requests as required by FOIA.

2.     Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA Requests—numbers OS-2017-00413, OS-2017-00414, and OS-2017-540—with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.      Declare that Defendant's failures to undertake a search for and promptly disclose to Plaintiff  all records that are responsive to Plaintiff's FOIA Requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.      Declare that Defendant's failure to make a timely determination on Plaintiff's FOIA Requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

5.      Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7.      Grant such other and further relief as the Court may deem just and proper.


DATED: August 9, 2017                    Respectfully submitted

                                         */s/ Margaret E. Townsend*
                                         Margaret E. Townsend (D.C. Bar No. OR0008)
                                         Center for Biological Diversity
                                         P.O. Box 11374
                                         Portland, OR 97211-0374
                                         (971) 717-6409
                                         mtownsend@biologicaldiversity.org

*/s/ Amy R. Atwood*
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldiversity.org

*Attorneys for Plaintiff*